## THE DISTRICT TOWNSHIP OF THE CITY OF DUBUQUE V. THE COUNTY JUDGE OF DUBUQUE COUNTY.

1. LAW UNCONSTITUTIONAL. So much of § 32 of chapter 52 of the acts of 1858, as directs the County Judge to apportion one half the county school fund, in equal amounts to the several School Districts of the county, is inconsistent with § 7, art. 9, of the Constitution, which requires a distribution in proportion to the number of youths between the ages of five and twenty-one years.

District Township of City of Dubuque v. The Co. Judge of Dubuque Co.

*Appeal from Dubuque District Court.*

TUESDAY, JUNE 3.

THE facts are sufficiently presented in the opinion of the court.

*H. A. Wiltse* for the appellant.

*W. T. Barker* for the appellee.

LOWE, J. — A school tax was levied upon the taxable property of Dubuque County, under and by virtue of the provision of the school law of 1858, from which was collected $4,445.86. Agreeably to the terms of § 32, Session Laws of 1858, p. 70, the County Judge divided the one-half of this sum in equal amounts among all the school districts within the county. The other half he divided among the school districts in proportion to the number of persons in each, between the ages of five and twenty-one years. The plaintiff remonstrated, and insists that the above act authorizing the distribution of the school tax is in conflict with the Constitution, and therefore void, and that the defendant should have divided the whole sum in proportion to the number of such persons in each district.

This suit was brought to recover the difference between the distribution that was made under the act in. question, and the one that should have been made agreeably to the requirements of the Constitution. The court below held against the plaintiff, and the same question is submitted to us on the papers without argument from counsel.

We suppose that it is §§ 3 and 7 of the second division of Art. 9 of the Constitution, in relation to school funds, and school lands, upon which the plaintiff relies, as showing the invalidity of the act above referred to. The first of these sections, that is, § 3, defines what shall constitute a

perpetual fund for educational purposes, and then concludes with these words: "*The interest of which* [meaning the interest arising from the permanent school fund,] *together with all rents of the unsold lands, and such other means as the General Assembly may provide, shall be inviolably appropriated to the support of common schools, throughout the state.*"

The expression "*and such other means as the General Assembly may provide*," must include, *ex vi termini* any other funds than those named which the Legislature should authorize to be raised for the support of schools. Under the authority of the aforesaid act of 1858, the County of Dubuque levied and collected a school tax of $4,445, for the support of schools in that county. The same act declares how this fund shall be used and distributed, namely, one-half in equal sums among all the districts of the county, the other moiety to be distributed to the districts in proportion to the number of youths between the ages of five and twenty-one. But the seventh section of the 9th Art. of the Constitution above referred to, provides that "the money subject to the support and maintenance of common schools, shall be distributed to the districts in proportion to the number of youths between the ages of five and twenty-one years, in such manner as may be provided by the General Assembly."

It is impossible for us to perceive how the act of the Legislature referred to can stand with this provision of the Constitution. They seem to be irreconcilable. The Constitution has ordained one rule, and the General Assembly has adopted and authorized a different rule, for the distribution of the same fund. The latter, of course, must yield to the former.

In reversing the judgment below, we do so upon the only question raised before us, forbearing to express any opinion of the plaintiff's right to recover in this action, against the defendant, or whether his remedy was not

against the fund whilst in the hands of the County Judge, and before distribution.

Reversed.